UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZOND, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED MICRO DEVICES, INC., <br><br> Defendant. | CIVIL ACTION NO. _____ <br><br> **JURY TRIAL DEMANDED** |

## **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Zond, Inc. ("Zond") files this Complaint for Patent Infringement ("Complaint") against Defendant Advanced Micro Devices, Inc. (hereinafter, "AMD"), wherein, pursuant to 35 U.S.C. §§ 271 and 281, Zond seeks a judgment of infringement by AMD of U.S. Patent Nos. 6,853,142 (the "'142 Patent"), 6,806,652 (the "'652 Patent"), 7,604,716 (the "'716 Patent"), 7,147,759 (the "'759 Patent"), 7,811,421 (the "'421 Patent"), 6,805,779 (the "'779 Patent"), 7,808,184 (the "'184 Patent"), and 8,125,155 (the "'155 Patent") and damages resulting therefrom pursuant to 35 U.S.C. § 284, as well as preliminary and permanent injunction of the infringing activity pursuant to 35 U.S.C. § 283, and such other relief as the Court deems just and proper, and in support thereof alleges as follows:

### **The Parties**

1. Zond is a Delaware corporation with a principal place of business at 137A High Street Mansfield, MA 02048. Zond wholly owns Zpulser, LLC ("Zpulser"), also based in Mansfield, MA. Zpulser commercializes Zond's patented technology by manufacturing and selling unique high-power plasma generators.

2. AMD is a Delaware corporation with a principal place of business at One AMD Place, Sunnyvale, CA 94088.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns infringement of a United States patent.

4. This Court has personal jurisdiction over AMD at least by virtue of AMD having conducted business in this District and having committed one or more acts of infringement in this District.

5. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

**The Eight (8) Patents-in-Suit**

6. Zond is the owner of the '142 Patent entitled "Methods and Apparatus for Generating High-Density Plasma," which the United States Patent & Trademark Office lawfully and duly issued on February 8, 2005. A true and correct copy of the '142 Patent is attached hereto as Exhibit A.

7. Zond is the owner of the '652 Patent entitled "High-Density Plasma Source Using Excited Atoms," which the United States Patent & Trademark Office lawfully and duly issued on October 19, 2004. A true and correct copy of the '652 Patent is attached hereto as Exhibit B.

8. Zond is the owner of the '716 Patent entitled "Methods and Apparatus for Generating High-Density Plasma," which the United States Patent & Trademark Office lawfully and duly issued on October 20, 2009. A true and correct copy of the '716 Patent is attached hereto as Exhibit C.

9. Zond is the owner of the '759 Patent entitled "High-Power Pulsed Magnetron Sputtering," which the United States Patent & Trademark Office lawfully and duly issued on December 12, 2006. A true and correct copy of the '759 Patent is attached hereto as Exhibit D.

10. Zond is the owner of the '421 Patent entitled "High Deposition Rate Sputtering," which the United States Patent & Trademark Office lawfully and duly issued on October 12, 2010. A true and correct copy of the '421 Patent is attached hereto as Exhibit E.

11. Zond is the owner of the '779 Patent entitled "Plasma Generation Using Multi-Step Ionization," which the United States Patent & Trademark Office lawfully and duly issued on October 19, 2004. A true and correct copy of the '779 Patent is attached hereto as Exhibit F.

12. Zond is the owner of the '184 Patent entitled "Methods and Apparatus for Generating Strongly-Ionized Plasmas with Ionizational Instabilities," which the United States Patent & Trademark Office lawfully and duly issued on October 5, 2010. A true and correct copy of the '184 Patent is attached hereto as Exhibit G.

13. Zond is the owner of the '155 Patent entitled "Methods and Apparatus for Generating Strongly-Ionized Plasmas with Ionizational Instabilities," which the United States Patent and Trademark Office lawfully and duly issued on February 28, 2012. A true and correct copy of the '155 Patent is attached hereto as Exhibit H.

**FACTUAL BACKGROUND**

**1. Zond's Patented Technology**

14. Founded in 2002, Zond is a technology development company based outside of Boston in Mansfield, Massachusetts. With its President and Co-Founder Dr. Roman

Chistyakov at the helm, Zond has been developing a unique plasma discharge technology, which is protected by over 30 patents and patent applications pending throughout the world, including 18 patents that have issued in the United States. Dr. Chistyakov is the named inventor on all eight (8) of Zond's patents-in-suit. These patents are generally directed to the generation, use and/or applications of a unique plasma discharge technology that employs a strongly ionized plasma of commercial significance and has wide-ranging applicability in various industries, as described further below.

15. In 2005, Zpulser was created as the marketing and sales arm of Zond to commercialize Zond's patented technology. Zpulser offers a revolutionary product line of plasma generators that are commercially practicable and allow for use of the technology in an industrial manufacturing environment. For example, Zpulser's plasma generators address the importance of voltage rise time, amplitude and/or duration for generating and using strongly ionized plasmas without the detrimental effects of arc discharges, in a manufacturing environment.

16. Zond's strongly ionized plasma technology has application in various industries ranging from consumer products such as razor blades to electronics such as semiconductor chips and flat panel displays, which provides numerous competitive advantages over alternative and older technology. For example, in the semiconductor chip industry, Zond's patented technology allows certain types of strongly ionized plasmas to be generated in an industrial manufacturing environment. Such plasmas can be used for certain critical manufacturing steps for semiconductor chips made using the latest generation of 32 nm and smaller semiconductor process technology. These applications range from forming the critical copper-based interconnects to the unique transistor structures necessary in these

new generations of chips.

17. In particular, Zond's patented technology is an enabling technology that can be used to fabricate such chips using a copper interconnect process with exceptional step coverage and seed layer integrity at lower cost per wafer than alternative technologies. The process provides a way to deposit effective barrier and seed layers for the critical interconnects used in chips manufactured using 32 nm and smaller semiconductor process technology. For example, the manufacturing process for such barrier and seed layers require a way to generate a high-density plasma in order to increase the ionization rate of the sputtered materials such as tantalum, titanium and copper (and other alloys) for use in high-aspect ratio deposition processes. Zond's patented technology can be used to generate such materials, thus facilitating the speed and reliability of the critical copper interconnects needed for chips manufactured using 32 nm and smaller process technology.

18. In addition, Zond's patented technology can be used to deposit the metal films that form the heart of the semiconductor industry's smaller, faster, metal gate transistors manufactured using 32 nm and smaller process technology. Over the past few years, as transistor devices have scaled down, higher aspect ratios have made it more difficult for conventional plasma technology to fill narrow and deep structures while avoiding plasma damage. Zond's patented technology has provided a unique strongly ionized plasmas that has enabled such narrow and deep structures to be filled with the necessary metals in a cost-effective manner. For example, Zond's patented technology allows consistent layers of metal such as NiPt (and other alloys) to be formed at the bottom of the narrow and deep contact holes necessary for chips manufactured using 32 nm and smaller process technology. Zond's patented technology can be used to generate the high-density plasmas in order to increase the

ionization rate of the sputtered material needed in such deposition processes.

## 2. AMD's Infringing Products

19. AMD designs and manufactures advanced integrated digital technology platforms. A platform consists of a microprocessor and chipset, and may be enhanced by additional hardware, software, and services. AMD's platforms, also known as integrated circuits, are used in a wide range of applications, including PCs, servers and other devices.

20. AMD's integrated circuits are constructed using Complementary Metal–Oxide Semiconductor ("CMOS") technology. This technology, along with related advances in semiconductor processing, allows AMD to manufacture transistors (the fundamental building block of digital electronics) at smaller and smaller distances between transistors resulting in higher density and more complex circuits.

21. AMD's integrated circuit manufacturing continues to use techniques that use smaller and smaller features for various product cycles. The size of the smallest parts of a transistor is generally referred to as a "node." AMD's smallest manufacturing nodes are now 32 and 28 nanometers ("nm"). A move to the first processors using smaller manufacturing nodes is expected in the near future.

22. In order to manufacture chips at the 32 and 28 nm and smaller nodes, unique manufacturing processes had to be developed by or for AMD that, on information and belief, employ Zond's patented technology for generating and using strongly ionized plasmas in a manufacturing environment. The accused chips include those made using process steps that employ strongly ionized plasmas including, but not limited to, processes for depositing copper interconnects and contacts, and metal for metal gate transistors, as well as other methods of generating and using strongly ionized plasmas to form 32 and 28 nm and smaller chips. The

accused chips include AMD's 32 and 28 nm and smaller chips including but not limited to its FX Processors (e.g., FX8xxx, FX 6xxx and FX4xxx series) and Opteron Processors for servers (e.g., 6300 and 4300 Series CPU, 3300 Series CPU, X1150 CPU and X2150 APU) (collectively, the "Infringing Products"). Discovery is expected to uncover the full extent of AMD's unlawful use of Zond's patented plasma technology beyond these accused chips already identified through public information.

**FIRST CLAIM FOR RELIEF**
**(Infringement of the '142 Patent)**

23. Zond incorporates by reference paragraphs 1 through 22 of the Complaint as if set forth here in full.

24. Upon information and belief, AMD has been and is currently directly infringing one or more claims of the '142 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the Infringing Products.

25. Upon information and belief, upon knowledge of the '142 Patent, AMD is contributing to the infringement of, and/or inducing infringement of the '142 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, original equipment manufacturers ("OEMs") and original design manufacturers ("ODMs"), to make, use, sell and/or offer for sale AMD's Infringing Products in a manner that constitutes infringement of one or more claims of the '142 Patent. There are no substantial uses of the Infringing Products made, used, sold, or offered for sale by AMD that do not infringe one or more claims of the '142 Patent.

26. As a result of AMD's unlawful infringement of the '142 Patent, Zond has suffered and will continue to suffer damage. Zond is entitled to recover from AMD the

damages adequate to compensate for such infringement, which have yet to be determined.

27. Any further manufacturing, sales, offers for sale, uses, or importation by AMD of the Infringing Products will demonstrate a deliberate and conscious decision to infringe the '142 Patent or, at the very least, a reckless disregard of Zond's patent rights. If AMD continues to manufacture, use, offer to sell, sell, and/or import the Infringing Products following its notice of the '142 Patent claims, AMD's infringement will be willful and Zond will be entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

28. AMD will continue to infringe the '142 Patent unless and until it is enjoined by this Court.

29. AMD's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until AMD is enjoined by this Court.

**SECOND CLAIM FOR RELIEF**
**(Infringement of the '652 Patent)**

30. Zond incorporates by reference paragraphs 1 through 29 of the Complaint as if set forth here in full.

31. Upon information and belief, AMD has been and is currently directly infringing one or more claims of the '652 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the Infringing Products.

32. Upon information and belief, upon knowledge of the '652 Patent, AMD is contributing to the infringement of, and/or inducing infringement of the '652 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, OEMs and ODMs, to make, use, sell and/or offer for sale AMD's Infringing Products in a

manner that constitutes infringement of one or more claims of the '652 Patent. There are no substantial uses of the Infringing Products made, used, sold, or offered for sale by AMD that do not infringe one or more claims of the '652 Patent.

33. As a result of AMD's unlawful infringement of the '652 Patent, Zond has suffered and will continue to suffer damage. Zond is entitled to recover from AMD the damages adequate to compensate for such infringement, which have yet to be determined.

34. Any further manufacturing, sales, offers for sale, uses, or importation by AMD of the Infringing Products will demonstrate a deliberate and conscious decision to infringe the '652 Patent or, at the very least, a reckless disregard of Zond's patent rights. If AMD continues to manufacture, use, offer to sell, sell, and/or import the Infringing Products following its notice of the '652 Patent claims, AMD's infringement will be willful and Zond will be entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

35. AMD will continue to infringe the '652 Patent unless and until it is enjoined by this Court.

36. AMD's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until AMD is enjoined by this Court.

**THIRD CLAIM FOR RELIEF**
**(Infringement of the '716 Patent)**

37. Zond incorporates by reference paragraphs 1 through 36 of the Complaint as if set forth here in full.

38. Upon information and belief, AMD has been and is currently directly infringing one or more claims of the '716 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the

Infringing Products.

39. Upon information and belief, upon knowledge of the '716 Patent, AMD is contributing to the infringement of, and/or inducing infringement of the '716 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, OEMs and ODMs, to make, use, sell and/or offer for sale AMD's Infringing Products in a manner that constitutes infringement of one or more claims of the '716 Patent. There are no substantial uses of the Infringing Products made, used, sold, or offered for sale by AMD that do not infringe one or more claims of the '716 Patent.

40. As a result of AMD's unlawful infringement of the '716 Patent, Zond has suffered and will continue to suffer damage. Zond is entitled to recover from AMD the damages adequate to compensate for such infringement, which have yet to be determined.

41. Any further manufacturing, sales, offers for sale, uses, or importation by AMD of the Infringing Products will demonstrate a deliberate and conscious decision to infringe the '716 Patent or, at the very least, a reckless disregard of Zond's patent rights. If AMD continues to manufacture, use, offer to sell, sell, and/or import the Infringing Products following its notice of the '716 Patent claims, AMD's infringement will be willful and Zond will be entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

42. AMD will continue to infringe the '716 Patent unless and until it is enjoined by this Court.

43. AMD's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until AMD is enjoined by this Court.

## FOURTH CLAIM FOR RELIEF
### (Infringement of the '759 Patent)

44. Zond incorporates by reference paragraphs 1 through 43 of the Complaint as if set forth here in full.

45. Upon information and belief, AMD has been and is currently directly infringing one or more claims of the '759 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the Infringing Products.

46. Upon information and belief, upon knowledge of the '759 Patent, AMD is contributing to the infringement of, and/or inducing infringement of the '759 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, OEMs and ODMs, to make, use, sell and/or offer for sale AMD's Infringing Products in a manner that constitutes infringement of one or more claims of the '759 Patent. There are no substantial uses of the Infringing Products made, used, sold, or offered for sale by AMD that do not infringe one or more claims of the '759 Patent.

47. As a result of AMD's unlawful infringement of the '759 Patent, Zond has suffered and will continue to suffer damage. Zond is entitled to recover from AMD the damages adequate to compensate for such infringement, which have yet to be determined.

48. Any further manufacturing, sales, offers for sale, uses, or importation by AMD of the Infringing Products will demonstrate a deliberate and conscious decision to infringe the '759 Patent or, at the very least, a reckless disregard of Zond's patent rights. If AMD continues to manufacture, use, offer to sell, sell, and/or import the Infringing Products following its notice of the '759 Patent claims, AMD's infringement will be willful and Zond will be entitled to treble damages and attorneys' fees and costs incurred in this action, along

with prejudgment interest under 35 U.S.C. §§ 284, 285.

49. AMD will continue to infringe the '759 Patent unless and until it is enjoined by this Court.

50. AMD's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until AMD is enjoined by this Court.

**FIFTH CLAIM FOR RELIEF**
**(Infringement of the '421 Patent)**

51. Zond incorporates by reference paragraphs 1 through 50 of the Complaint as if set forth here in full.

52. Upon information and belief, AMD has been and is currently directly infringing one or more claims of the '421 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the Infringing Products.

53. Upon information and belief, upon knowledge of the '421 Patent, AMD is contributing to the infringement of, and/or inducing infringement of the '421 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, OEMs and ODMs, to make, use, sell and/or offer for sale AMD's Infringing Products in a manner that constitutes infringement of one or more claims of the '421 Patent. There are no substantial uses of the Infringing Products made, used, sold, or offered for sale by AMD that do not infringe one or more claims of the '421 Patent.

54. As a result of AMD's unlawful infringement of the '421 Patent, Zond has suffered and will continue to suffer damage. Zond is entitled to recover from AMD the damages adequate to compensate for such infringement, which have yet to be determined.

55. Any further manufacturing, sales, offers for sale, uses, or importation by AMD

of the Infringing Products will demonstrate a deliberate and conscious decision to infringe the '421 Patent or, at the very least, a reckless disregard of Zond's patent rights. If AMD continues to manufacture, use, offer to sell, sell, and/or import the Infringing Products following its notice of the '421 Patent claims, AMD's infringement will be willful and Zond will be entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

56. AMD will continue to infringe the '421 Patent unless and until it is enjoined by this Court.

57. AMD's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until AMD is enjoined by this Court.

### SIXTH CLAIM FOR RELIEF
**(Infringement of the '779 Patent)**

58. Zond incorporates by reference paragraphs 1 through 57 of the Complaint as if set forth here in full.

59. Upon information and belief, AMD has been and is currently directly infringing one or more claims of the '779 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the Infringing Products.

60. Upon information and belief, upon knowledge of the '779 Patent, AMD is contributing to the infringement of, and/or inducing infringement of the '779 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, OEMs and ODMs, to make, use, sell and/or offer for sale AMD's Infringing Products in a manner that constitutes infringement of one or more claims of the '779 Patent. There are no substantial uses of the Infringing Products made, used, sold, or offered for sale by AMD that

do not infringe one or more claims of the '779 Patent.

61. As a result of AMD's unlawful infringement of the '779 Patent, Zond has suffered and will continue to suffer damage. Zond is entitled to recover from AMD the damages adequate to compensate for such infringement, which have yet to be determined.

62. Any further manufacturing, sales, offers for sale, uses, or importation by AMD of the Infringing Products will demonstrate a deliberate and conscious decision to infringe the '779 Patent or, at the very least, a reckless disregard of Zond's patent rights. If AMD continues to manufacture, use, offer to sell, sell, and/or import the Infringing Products following its notice of the '779 Patent claims, AMD's infringement will be willful and Zond will be entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

63. AMD will continue to infringe the '779 Patent unless and until it is enjoined by this Court.

64. AMD's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until AMD is enjoined by this Court.

**SEVENTH CLAIM FOR RELIEF**
**(Infringement of the '184 Patent)**

65. Zond incorporates by reference paragraphs 1 through 64 of the Complaint as if set forth here in full.

66. Upon information and belief, AMD has been and is currently directly infringing one or more claims of the '184 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the Infringing Products.

67. Upon information and belief, upon knowledge of the '184 Patent, AMD is

contributing to the infringement of, and/or inducing infringement of the '184 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, OEMs and ODMs, to make, use, sell and/or offer for sale AMD's Infringing Products in a manner that constitutes infringement of one or more claims of the '184 Patent. There are no substantial uses of the Infringing Products made, used, sold, or offered for sale by AMD that do not infringe one or more claims of the '184 Patent.

68. As a result of AMD's unlawful infringement of the '184 Patent, Zond has suffered and will continue to suffer damage. Zond is entitled to recover from AMD the damages adequate to compensate for such infringement, which have yet to be determined.

69. Any further manufacturing, sales, offers for sale, uses, or importation by AMD of the Infringing Products will demonstrate a deliberate and conscious decision to infringe the '184 Patent or, at the very least, a reckless disregard of Zond's patent rights. If AMD continues to manufacture, use, offer to sell, sell, and/or import the Infringing Products following its notice of the '184 Patent claims, AMD's infringement will be willful and Zond will be entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

70. AMD will continue to infringe the '184 Patent unless and until it is enjoined by this Court.

71. AMD's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until AMD is enjoined by this Court.

**EIGHTH CLAIM FOR RELIEF**
**(Infringement of the '155 Patent)**

72. Zond incorporates by reference paragraphs 1 through 71 of the Complaint as if set forth here in full.

73. Upon information and belief, AMD has been and is currently directly infringing one or more claims of the '155 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, the Infringing Products.

74. Upon information and belief, upon knowledge of the '155 Patent, AMD is contributing to the infringement of, and/or inducing infringement of the '155 Patent by, among other things, knowingly and with intent, actively encouraging its customers, suppliers, OEMs and ODMs, to make, use, sell and/or offer for sale AMD's Infringing Products in a manner that constitutes infringement of one or more claims of the '155 Patent. There are no substantial uses of the Infringing Products made, used, sold, or offered for sale by AMD that do not infringe one or more claims of the '155 Patent.

75. As a result of AMD's unlawful infringement of the '155 Patent, Zond has suffered and will continue to suffer damage. Zond is entitled to recover from AMD the damages adequate to compensate for such infringement, which have yet to be determined.

76. Any further manufacturing, sales, offers for sale, uses, or importation by AMD of the Infringing Products will demonstrate a deliberate and conscious decision to infringe the '155 Patent or, at the very least, a reckless disregard of Zond's patent rights. If AMD continues to manufacture, use, offer to sell, sell, and/or import the Infringing Products following its notice of the '155 patent claims, AMD's infringement will be willful and Zond will be entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

77. AMD will continue to infringe the '155 Patent unless and until it is enjoined by this Court.

78. AMD's acts of infringement have caused and will continue to cause irreparable harm to Zond unless and until AMD is enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Zond prays for a Judgment in favor of Zond and against AMD as follows:

1. That AMD has directly infringed the '142, '652, '716, '759, '421, '779, '184, and '155 Patents;

2. That AMD has indirectly infringed the '142, '652, '716, '759, '421, '779, '184, and '155 Patents;

3. That this case is "exceptional" within the meaning of 35 U.S.C. § 285 against AMD;

4. An order preliminarily and permanently enjoining AMD and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, or acting in concert with them directly or indirectly, from further acts of infringement of the '142, '652, '716, '759, '421, '779, '184, and '155 Patents;

5. A full accounting for and an award of damages to Zond for AMD's infringement of the '142, '652, '716, '759, '421, '779, '184, and '155 Patents; including enhanced damages pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest;

6. An award of Zond's reasonable attorneys' fees, expenses, and costs; and

7. A grant of such other and further equitable or legal relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Zond hereby demands trial by jury on all issues so triable.

Dated: July 2, 2013

Respectfully submitted,

ZOND, INC.

By its counsel,

/s/ David S. Godkin
David S. Godkin (BBO#196530)
Andrew A. Caffrey III (BB0#660481)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02210
617-307-6100
godkin@birnbaumgodkin.com

*Of Counsel:*

David C. Radulescu, Ph.D.
Tigran Vardanian
Gregory S. Maskel
RADULESCU LLP
136 Madison Ave, 6th Floor
New York, NY 10016
646-502-5950
david@radulescullp.com
tigran@radulescullp.com
greg@radulescullp.com