UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZOND, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ADVANCED MICRO DEVICES, INC.,<br>GLOBALFOUNDRIES U.S., INC.,<br>GLOBALFOUDNRIES DRESDEN<br>MODULE ONE LLC & CO. KG, and<br>GLOBALFOUNDRIES DRESDEN<br>MODULE TWO LLC & CO. KG,<br><br>　　　　Defendants. | CIVIL ACTION NO. 1:13-cv-11577-LTS |

**ZOND, LLC'S OBJECTION TO DEFENDANTS' PROPOSED ORDER
<u>GRANTING DEFENDANTS' MOTION (D.I. 79)</u>**

**I.     INTRODUCTION**

Pursuant to the Court's Order (D.I. 79), Zond, LLC ("Zond") hereby submits this objection to the proposed order (D.I. 78) filed by Advanced Micro Devices, Inc. ("AMD"), GlobalFoundries U.S., Inc., GlobalFoundries Dresden Module One LLC & Co. KG, and GlobalFoundries Dresden Module Two LLC & Co. KG (collectively, "GlobalFoundries" and with AMD, "Defendants").

In their proposed order, Defendants strategically omit representations they made to the Court during the hearing on Defendants Motion to Stay (D.I. 59). The Court's decision to stay the case was based on those representations. Thus, omitting the representations from the proposed order makes the record and the conditions of the stay unclear and imprecise.

Zond's proposed order, attached hereto as Exhibit A, reflects the representations made by Defendants and is consistent with the instructions of the Court during the June 6 hearing. Defendants do not – and cannot – dispute that they made these representations to the Court. Thus, Zond's proposed order makes the record and the conditions of the stay clear, consistent with the Court's instructions.

Zond requests that the Court reject Defendants' proposed order and enter Zond's more complete and precise proposed order.

**II.    BACKGROUND**

Zond, LLC ("Zond") filed this patent litigation on July 2, 2013, accusing AMD of infringing seven patents-in-suit related to magnetron sputtering technology. *See* D.I. 1. Once AMD informed Zond that GlobalFoundries manufactures the implicated semiconductors used in AMD's accused products, GlobalFoundries entities were added to this litigation on December 5, 2013 and January 24, 2013. On May 6, 2014, Defendants jointly filed a Motion to Stay pending yet-to-be filed *inter partes* review (IPR) petitions concerning the patents-in-suit.

1

On June 6, 2014, Judge Woodlock held a status conference for this action, which mainly addressed Defendant's Motion to Stay.  *See* D.I. 75 (transcript of proceeding).  During the conference, Defendants made several representations to the Court in furtherance of their Motion to Stay.  In particular:

- Defendants, including GlobalFoundries, represented that they would file IPR petitions on all claims of the seven asserted patents by July 2, 2014.[1]  *See id.* at 13:24-14:4 and 18:5-14.

- Defendants represented that they would not file additional IPR petitions.  *See id.* at 13:24-14-4.

- Defendants represented that they would abide by the Patent Office's ("PTO") decisions in connection with any petitions for IPR against the patents-in-suit, including third-party petitions, and would not re-litigate before this Court any defenses brought or that reasonably could have been brought before the PTO in relation to the patents-in-suit.  *See id.* at 4:18-5:8.

Based upon these representations, the Court asked the parties to draft a proposed order granting the Motion to Stay and provided guidance for what should be in that proposed order.  *See id.* at 16:15-17:20.  When conferring about the content of the proposed order, the parties encountered a fundamental disagreement.  Zond's position was that because Defendants made express representations to the Court in furtherance of their Motion to Stay, those representations should appear in the proposed order.  *See* Declaration of Tigran Vardanian ("Vardanian Decl.") Ex. 1 (June 18 email from Vardanian to Zhou).  Defendants agreed that they made the representations, but refused to include them in the proposed order.  *See* Vardanian Decl. Ex. 1 (June 20 email from Zhou to Vardanian).

---

[1] Defendants did indeed file IPR petitions on all claims of the patents-in-suit between June 27, 2014 and July 1, 2014.  Each of Defendants' IPR petitions is a copycat of the respective petitions previously filed by third party Intel.

## III. <u>ARGUMENT</u>

Defendant's Proposed Order is incomplete and imprecise because it lacks certain representations made to the Court during the hearing for their Motion to Stay. Based on these representations, the Court granted Defendants' Motion to Stay. These representations are important to this action because by making them, Defendants gave up certain rights.

For example, GlobalFoundries' statutory deadline to file IPRs is one year from the date they were served a complaint, which is December 5, 2013. *See* 35 U.S.C. § 315(b). By representing that GlobalFoundries would file all of their IPRs by July 2 in accordance with AMD's schedule, they gave up the right to file additional IPRs between July 2 and December 5. *See* D.I. 75 at 18:5-14. However, by refusing to include a corresponding representation in the proposed order, Defendants seek to add ambiguity as to whether their representations to the Court are binding.

Additionally, by representing that Defendants agree to be bound by any PTO decision regarding the patents-in-suit, including a decision regarding a third party's petition for IPR, Defendants gave up the right to ask the Court to continue the stay of this action if the PTO were to decline institution on one or more asserted claims of the patents-in-suit in connection with the petitions filed by third parties. By refusing to include these representations in the proposed order, Defendants seek to add ambiguity as to whether the stay shall continue with respect to claims on which IPR has not been instituted based on third party petitions, which Defendants simply copied.

The Court should not allow such ambiguity, and instead should hold Defendants to the representations they made during the hearing for the Motion to Stay. Zond's proposed order differs from the order presented by Defendants in that it explicitly states the representations

made by Defendants to the Court to eliminate ambiguity and leave no room for future disputes and gamesmanship.

## IV. CONCLUSION

For the foregoing reasons, Zond requests that the Court reject Defendant's proposed order and enter Zond's proposed order, attached hereto as Exhibit A.

Dated: July 22, 2014                    Respectfully submitted,

                                           */s/ Tigran Vardanian*

                                           David S. Godkin (BBO#196530)
                                           Andrew A. Caffrey III (BBO#660481)
                                           BIRNBAUM & GODKIN, LLP
                                           280 Summer Street
                                           Boston, MA 02210
                                           617-307-6100
                                           godkin@birnbaumgodkin.com
                                           caffrey@birnbaumgodkin.com

                                           David C. Radulescu
                                           Tigran Vardanian
                                           Etai Lahav
                                           Gregory S. Maskel
                                           Daniel Kesack
                                           RADULESCU LLP
                                           136 Madison Avenue, 6th Floor
                                           New York, NY 10016
                                           (646) 502-5950
                                           david@radulescullp.com
                                           tigran@radulescullp.com
                                           etai@radulescullp.com
                                           greg@radulescullp.com
                                           daniel@radulescullp.com

                                           *Counsel for Plaintiff Zond, Inc.*

5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document was delivered to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent those indicated as non-registered participants on the above date.

<u>/s/ *Tigran Vardanian*         </u>
Tigran Vardanian
